IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:11-CV-132-FL

| | |
|---|---|
| RONALD D. DUNN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter comes before the court on the parties' cross motions for judgment on the pleadings (DE ## 16, 24).[1] Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge William A. Webb, entered memorandum and recommendation ("M&R") wherein he recommends that the court deny plaintiff's motion, grant defendant's motion, and that the final decision by defendant be affirmed. Plaintiff timely filed objections to the M&R and the response time has expired. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the recommendation of the magistrate judge.

## BACKGROUND

Plaintiff filed an application for disability insurance benefits ("DIB") on March 11, 2004, alleging that he became unable to work on December 6, 2003. This application was denied initially and upon reconsideration. Hearing was held before an Administrative Law Judge ("ALJ") who determined that plaintiff was not disabled during the relevant time period in a decision dated June

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Carolyn W. Colvin, Acting Commissioner of Social Security, has been named as defendant in this case in place of former Commissioner Michael J. Astrue.

12, 2006. On August 30, 2006, the Appeals Council ("AC") denied plaintiff's request for review. Upon appeal to this court, plaintiff's claim was remanded for further administrative proceedings on March 22, 2007. Plaintiff's claim was again denied in a decision dated May 9, 2008. On May 2, 2011, the AC denied plaintiff's request for review, rendering the ALJ's determination defendant's final decision. Plaintiff filed complaint in this court on June 27, 2011, for review of the final administrative decision.

## DISCUSSION

A.   Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

To assist it in its review of the Commissioner's denial of benefits, the court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C). Absent a specific

2

and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his] past relevant work; and (5) the claimant can perform other specified types of work.

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry, but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff was not engaged in gainful employment. At step two, the ALJ found that plaintiff had the following severe impairments: lumbar degenerative disc disease; hypertension; a history of a fissure in ano; a history of anemia; and hepatitis C. However, at step three, the ALJ further determined that these impairments were not severe enough to meet or medically equal one of the impairments in the regulations. Prior to proceeding to step four, the ALJ determined that plaintiff had the residual functional capacity ("RFC") to perform light work with certain restrictions. The ALJ determined that plaintiff could not perform his past relevant work, but that plaintiff could adjust to the demands of other employment opportunities existing in significant numbers in the

national economy. Accordingly, the ALJ determined that plaintiff was not under a disability during the relevant time period.

B.   Analysis

Plaintiff objects to the magistrate judge's review of plaintiff's case, specifically, the magistrate judge's: (1) review of plaintiff's credibility as to pain in light of Hines v. Barnhart, 453 F.3d 559 (4th Cir. 2006); and (2) review of the plaintiff's medical record, specifically the ALJ's consideration of plaintiff's physicians' opinions under Social Security Ruling ("SSR") 96-2p. First, plaintiff objects to the magistrate judge's determination that the ALJ properly assessed plaintiff's credibility as to his level of pain. "The determination of whether a person is disabled by pain or other symptoms is a two-step process." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996). First, the ALJ must determine whether the plaintiff has a medical impairment "which could reasonably expected to produce the pain or other symptoms alleged." Id. (quoting 20 C.F.R. §§ 416.929(b) & 404.1529(b)). If this threshold question is satisfied, then the ALJ evaluates the actual intensity and persistence of the plaintiff's pain or other symptoms, and the extent to which it affects her ability to work. Id. at 595. At this second step, the ALJ considers "not only the claimant's statements about her pain, but also 'all the available evidence,' including . . . evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it." Id. (citing 20 C.F.R. §§ 416.929(c)(2), 404.1529(c)(2)). A plaintiff's allegations of pain and other symptoms "need not be accepted to the extent they are inconsistent with the available evidence," based on a consideration of the entire case record. Id.; see SSR 96-7p.

In this case, the ALJ considered plaintiff's subjective complaints associated with his impairments, and found that plaintiff had medically determinable impairments which reasonably could be expected to cause some of the alleged symptoms, but that the plaintiff's statements were

4

not credible to the extent they conflicted with his level of activity and medical treatment, including prescribed and over-the-counter medications. R. 232-36. Plaintiff argues that, upon establishing the existence of an underlying condition with objective evidence, a claimant is entitled to rely entirely upon subjective testimony to establish the severity of his symptoms. Hines, 453 F.3d at 565. In Hines, the court noted that the claimant "was entitled to rely exclusively on subjective evidence to prove the second part of the [Craig] test." Id. The court further explained that, "[w]hile objective evidence is not mandatory at the second step of the test, this is not to say, however, that objective medical evidence and other objective evidence are not crucial to evaluating the intensity and persistence of a claimant's pain and the extent to which it impairs her ability to work." Id. at 565 n.3 (quoting Craig, 76 F.3d at 595). In accordance with Hines and Craig, the ALJ properly considered the substantial evidence in the record tending to show that plaintiff's subjective allegations of pain and other symptoms did not limit his ability to work to the full extent alleged. Accordingly, plaintiff's first objection is overruled.

Second, plaintiff objects to the magistrate judge's determination that the ALJ properly weighed the opinions of plaintiff's physicians. Though the opinion of a treating physician is generally entitled to "great weight," the ALJ is not required to give it "controlling weight." Craig, 76 F.3d at 590; Hunter v. Sullivan, 993 F.2d 31, 35 (4th Cir. 1992). In fact, "if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 590. "If a treating source's medical opinion is well-supported and not inconsistent with the other substantial evidence in the case record, it must be given controlling weight, i.e., it must be adopted." SSR 96-2p; see also Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001) (holding that a treating physician's opinion in entitled to controlling weight

*only* if it is supported by clinical and laboratory diagnostic techniques, *and* if it is not inconsistent with other evidence).

When the ALJ does not give the opinion of a treating physician controlling weight, the ALJ's decision must contain "specific reasons for the weight given to the treating source's medical opinion, supported by substantial evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." SSR 96-2p. The ALJ considered the opinions of plaintiff's treating physicians, Dr. Williams and Dr. Ojebouboh, as well as a consulting physician, Dr. Murfin. R. 232-36. Plaintiff argues that Dr. Williams's, Dr. Ojebouboh's, and Dr. Murfin's opinions should be given controlling or substantial weight as to the extent of plaintiff's pain and ability to work. The ALJ specified that Dr. Williams's opinion was given less weight because the ano fissure was expected to heal with dietary management and plaintiff was not taking prescription pain medicine. R. 235-36. Similarly, Dr. Ojebouboh's opinion as to plaintiff's mobility and diagnosis of radiculapathy was contradicted by medical examinations on October 3, 2005, and July 5, 2006. R. 236. Finally, the ALJ found that Dr. Murfin's evaluation of plaintiff's residual functional capacity was contradicted by plaintiff's October 9, 2007, examination. Upon close scrutiny of the ALJ's findings as well as the specific citations he made to the record, the court finds that he thoroughly considered the factors required to be considered in not adopting these physicians' opinions. As such, their opinions as treating physicians were not entitled to controlling weight. See Mastro, 270 F.3d at 178. Therefore, plaintiff's second objection is also overruled.

6

Case 7:11-cv-00132-FL Document 29 Filed 03/15/13 Page 6 of 7

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objections have been filed, and upon considered review of those portions of the M&R to which no such objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge in full, DENIES plaintiff's motion for judgment on the pleadings (DE # 16), GRANTS defendant's motion for judgment on the pleadings (DE # 24), and AFFIRMS the final decision by defendant. The clerk is directed to close this case.

SO ORDERED this the 14TH day of March, 2013.

LOUISE W. FLANAGAN
United States District Judge